CALIFORNIA *v.* HARRIS

No. A–19.   Decided July 23, 1984

JUSTICE REHNQUIST, Circuit Justice.

The State of California requests that I stay, pending action by this Court on its petition for certiorari, a judgment of the Supreme Court of California that reversed the capital murder conviction of respondent.   The State wishes this Court to review the holding of the California court that the jury that tried respondent was not "drawn from a fair cross section of the community" as that phrase is used in *Duren* v. *Missouri,* 439 U. S. 357 (1979), and other cases.

Respondent was tried in Los Angeles County, which at the time the jury in his case was empaneled summoned jurors by use of a voter registration list.   The majority of the Supreme Court of California decided that respondent had produced credible evidence of substantial disparity between the representation of blacks and Hispanics on the voter lists, on the one hand, and their representation in the population at large, on the other.   36 Cal. 3d 36, 679 P. 2d 433 (1984).   That court also concluded that the State had failed to rebut this evidence.

The State contends that the Supreme Court of California has misapplied this Court's *Duren* decision so as to find a

violation of the jury cross-section requirement where there is merely underrepresentation of a cognizable class because of the failure of class members to register to vote. If I thought this issue were squarely presented by the State's application, I would grant a stay, because I think four Members of our Court would probably vote to grant certiorari to review the issue and, with California's rule requiring retrial in 60 days, the case would become moot without a stay. Whether this sort of jury selection procedure can be described as "systematically" excluding classes that do not register to vote in proportion to their numbers, and whether the need for efficient jury selection may not justify resort to such neutral lists as voter registration rolls even though they do not perfectly reflect population, see 439 U. S., at 368–370, are by no means open and shut questions under *Duren.*

The plurality opinion of the Supreme Court of California, however, says in substance that the State failed to preserve the second of these two questions in defending against respondent's appeal. The concurring opinion in that court, on the other hand, indicates disagreement with this view. While I cannot at this stage of the proceedings determine even to my own satisfaction which is the correct view of California law, I think this procedural snarl is likely to deter some Members of this Court who would wish to review the substantive issues involved in this case from voting to grant certiorari. While there appears to be no such procedural objection to the first of these two questions, I am doubtful that the "systematic" underrepresentation issue alone would attract enough votes to grant certiorari.

The State's application is accordingly denied.